Leah M. Beligan, Esq. (SBN 250834)
lmbeligan@bbclawyers.net
**BELIGAN LAW GROUP, LLP**
19800 MacArthur Blvd., Ste. 300
Newport Beach, CA 92612
Telephone: (949) 224-3881

Michael L. Fradin, Esq. (*pro hac vice* forthcoming)
**FRADIN LAW, LLC**
mike@fradinlaw.com
8401 Crawford Ave., Ste. 104
Skokie, IL 60076
Telephone: (847) 986-5889

*Attorneys for Plaintiff and the Putative Classes*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Katherine Roksandic, and on behalf of herself and all others similarly situated, | ) Case No. |
| | ) |
| | ) **CLASS ACTION** |
| Plaintiff, | ) |
| | ) **COLLECTIVE AND CLASS** |
| vs. | ) **ACTION COMPLAINT** |
| | ) |
| American Airlines, Inc., a Delaware corporation; and DOES 1 through 10, inclusive, | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Plaintiff Katherine Roksandic ("Plaintiff"), individually, and on behalf of herself and all others similarly situated, files this Collective and Class Action

Complaint ("Complaint") against Defendants American Airlines, Inc. (hereafter "AA") and DOES 1 through 10 (collectively, "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1.    This Complaint is brought as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and a class action under Fed. R. Civ. P. 23 ("Rule 23"). The claims are brought under the following federal and state statutes: (1) the FLSA; (2) California Labor Code §§ 204, 210, 226, 226.7, 510, 512, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 2802, and Industrial Welfare Commission Order No. 9-2001 ("Wage Order No. 9"); and (3) California Business & Profession § 17200, *et seq*. (the "UCL"). The claims are premised on AA's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages, failure to provide compliant meal-and-rest periods, failure to furnish accurate wage statements, failure to reimburse employees for reasonable and necessary business expenses, and violations of the UCL. As alleged in more detail below, the members of the FLSA Collective consists of employees who worked for AA as Customer Service Coordinators (CSC), Customer Service Agents (CSA), Customer Assistance Representatives (CAR), Premium Customer Service Coordinators (PCSC), Lead Premium Customer Service Representatives (LPCSR), and Premium Customer Service Representatives (PCSR) or similar positions from three years prior to the date this Complaint was filed to the present (the "FLSA Collective" or "FLSA Collective Members").[1] The members of the Rule 23 Class consist of employees who worked for AA as a CSC, CSA, CAR, PCSC, LPCSR, and PCSR or similar positions in the State of California from four years prior to the date this Complaint is filed to the present

---

[1] For purposes of this Complaint, terms CSC, CSA, CAR, PCSC, LPCSR, and PCSR are exclusively job titles used for the purpose of classifying the putative classes of similarly situated individuals and are not necessarily the job title of Plaintiff and the putative classes, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1   (the "Rule 23 Class" or "Rule 23 Class Members").

2      2.     Plaintiff brings this action on behalf of herself and all similarly-situated

3   current and former FLSA Collective Members and Rule 23 Class Members of AA.

4      3.     Under the FLSA and California law, employers must pay all non-exempt

5   employees an overtime wage premium of pay one and one-half times their regular

6   rates of pay for all time they spend working over 40 hours in a workweek. AA failed

7   to pay Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members one

8   and one-half times their regular rate of pay for all time they spent working over 40

9   hours in a workweek. Plaintiff therefore brings this Complaint as an FLSA Collective

10  under 29 U.S.C. § 216(b) for AA's violation of the FLSA and as a Rule 23 Class for

11  AA's violations of California law as detailed further below.

12     4.     Defendants paid Plaintiff and other non-exempt employees various

13  additional non-discretionary remuneration. Nevertheless, Defendants did not factor all

14  of these items of additional wages into the regular rate of pay for the payment of sick

15  pay and/or overtime wages. With respect to overtime wages, it was paid at 1.5x the

16  base rate of pay. Likewise, sick pay wages were paid at the base rate of pay.  Thus,

17  Plaintiff is a member of the FLSA Collective and Rule 23 Class and has suffered the

18  alleged violations of the FLSA and California Labor Code §§ 226.7, 510, 512, 1194,

19  Wage Order No. 9, and the UCL.

20     5.     In addition to the minimum protections of the FLSA, California law

21  requires employers to pay non-exempt employees an overtime wage premium of pay

22  one and one-half times their regular rate of pay for all time they spend working over

23  8 hours in a day.

24     6.     Under the FLSA "[r]est periods of short duration, running from 5 minutes

25  to about 20 minutes. . . must be counted as hours worked." *See* 29 C.F.R. 785.18; *see*

26  *also Mauia v. Petrochem Insulation,* Inc., 5 F.4th 1068, 1074 (9th Cir. 2021). AA

27  violated the FLSA by routinely failing to pay Plaintiff, the FLSA Collective Members

28

1   for rest breaks shorter than 20 minutes.

2       7.      The wage requirements of the FLSA "will not be met where the employee

3   'kicks-back' directly or indirectly to the employer or to another person for the

4   employer's benefit the whole or part of the wage delivered to the employee." *See* 29

5   C.F.R. 531.35. "For example, if it is a requirement of the employer that the employee

6   must provide tools of the trade which will be used in or are specifically required for

7   the performance of the employer's particular work, there would be a violation of the

8   Act in any workweek when the cost of such tools purchased by the employee cuts into

9   the minimum or overtime wages required to be paid him under the Act." *Id*. AA

10  violated the FLSA by requiring Plaintiff and the FLSA Collective Members to provide

11  the smart phones to complete their job duties for AA while failing to reimburse

12  Plaintiff and the FLSA Collective Members for the costs of same.

13      8.      Under California law and Wage Order No. 9, AA is required to pay

14  Plaintiff and Rule 23 Class Members an hourly wage for each and every hour worked.

15  *See* Cal. Lab. Code §§ 200, 204, 1194, and 1198. Plaintiff and Rule 23 Class Members

16  regularly and consistently worked before and after their shifts, and during their meal

17  periods, for which they were not paid an hourly wage in violation of California Law.

18      9.      Under California law and Wage Order No. 9, "[a]ny work in excess of

19  [8] hours in one workday and any work in excess of 40 hours in any one workweek

20  and the first [8] hours worked on the seventh day of work in any one workweek shall

21  be compensated at the rate of no less than one and one-half times the regular rate of

22  pay for an employee." *See* Cal. Lab. Code § 510(a). Further, "[a]ny work in excess of

23  12 hours in one day shall be compensated at the rate of no less than twice the regular

24  rate of pay for an employee. In addition, any work in excess of eight hours on any

25  seventh day of a workweek shall be compensated at the rate of no less than twice the

26  regular rate of pay of an employee." *Id*. Plaintiff and the Rule 23 Class Members

27  regularly and consistently worked more than 8 hours in a day and more than 40 hours

28

**COLLECTIVE AND CLASS ACTION COMPLAINT**

in a week for which they were not paid one and one-half times or double their regular rate of pay.

10. Under California law and Wage Order No. 9, AA is required to provide Plaintiff and Rule 23 Class Members compliant meal periods. *See* Cal. Lab. Code §§ 226.6, 512; *see also* Wage Order No. 9, § 11. California law also requires AA to pay Plaintiff and Rule 23 Class Members premium wages (at their regular rate of pay) when AA fails to provide them compliant meal periods. AA violated California law by failing to provide Plaintiff and Rule 23 Class Members off-duty, uninterrupted 30-minute meal breaks, free from employer control, for every 5 hours worked. Plaintiff and the Rule 23 Class Members regularly and consistently worked over 5 and 10 hours a day and were unable to take and therefore missed their first meal periods after 5 hours of work, and their second meal periods when they worked more than 10 hours in a day. On other occasions, Plaintiff and the Rule 23 Class Members' meal periods were cut short of 30 minutes, interrupted, or taken late. On other occasions, Plaintiff and Rule 23 Class Members worked through their meal periods, but were neither paid an hourly wage for the time worked (as alleged above), nor were they paid a premium wage.

11. Under California law and Wage Order No. 9, AA is required to provide Plaintiff and Rule 23 Class Members compliant rest periods of at least 10 minutes, free from employer control, for every 4 hours worked or major fraction thereof. *See* Cal. Lab. Code § 226.7; *see also* Wage Order No. 9, § 12. AA violated California law by not providing Plaintiff and Rule 23 Class Members with 10-minute rest periods for every four hours worked or major fraction thereof. Plaintiff's and Rule 23 Class Members' rest breaks were regularly and consistently interrupted, less than 10 minutes, and/or not duty free. Plaintiff and Rule 23 Class Members were not paid a premium wage (at their regular rate of pay) for these rest-period violations.

12. Under California law, AA is required to provide Plaintiff and Rule 23

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Class Members, "semimonthly or at the time of each payment of wages," with accurate wage statements showing, among other things: "(1) gross wages earned, (2) total hours worked by the employee…, [3] net wages earned, … [4] the name and address of the legal entity that is the employer …, and [5] all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…" Cal. Lab. Code § 226(a). By failing to, among other things, include all hours worked in the wage statements, failing to accurately reflect all wages earned, and failing to include premium wages for meal-and-rest period violations, AA knowingly and intentionally failed to provide Plaintiff and Rule 23 Class Members with accurate wage statements. *See Naranjo v. Spectrum Security Services, Inc*., 13 Cal.5th 93 (2022).

13.     Under California law, AA is required to adequately indemnify Plaintiff and Rule 23 Class Members for employment-related business expenses. *See* Cal. Lab. Code § 2802. As alleged above, Plaintiff and Rule 23 Class Members provided smart phones for the purposes of using the Rovrplus mobile application, which is necessary to complete their job duties for AA. AA failed to reimburse Plaintiff and the Rule 23 Class Members for these business expenses.

14.     Under California law, AA's violations of the FLSA and aforementioned California Labor Codes constitutes a violation of the UCL.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

16.     Venue is proper in this district under 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff, the FLSA Collective Members and Rule 23 Class Members occurred within this District.

17.     At all relevant times, Plaintiff has been a resident of Los Angeles County,

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1  California and performed work for AA within the State of California.

2      18.    AA regularly conducts business in and has engaged in the wrongful

3  conduct alleged herein – and, thus, is subject to personal jurisdiction in this judicial

4  district.

5      19.    Plaintiff, the AA Collective Members and Rule 23 Class Members in

6  their work for AA were employed by an enterprise engaged in commerce with annual

7  gross sales of at least $500,000.

8  **PARTIES**

9      20.    At all times material to the matters alleged in this Complaint, Plaintiff is

10  a current employee of AA.

11      21.    Plaintiff is a full-time employee of AA who worked and continues to

12  work for AA from approximately February 23, 2015 through the present.

13      22.    The FLSA Collective Members are all current and former Customer

14  Service Coordinators (CSC), Customer Service Agents (CSA), Customer Assistance

15  Representatives (CAR), Premium Customer Service Coordinators (PCSC), Lead

16  Premium Customer Service Representatives (LPCSR), and Premium Customer

17  Service Representatives (PCSR) who worked for AA in the United States at any point

18  in the three years preceding the filing of this Complaint up to the present.

19      23.    The Rule 23 Class Members are all current and former Customer Service

20  Coordinators (CSC), Customer Service Agents (CSA), Customer Assistance

21  Representatives (CAR), Premium Customer Service Coordinators (PCSC), Lead

22  Premium Customer Service Representatives (LPCSR), and Premium Customer

23  Service Representatives (PCSR) who worked for AA in the State of California at any

24  point in the four years preceding the filing of this Complaint up to the present.

25      24.    The FLSA Collective Members and Rule 23 Class Members are all non-

26  exempt employees and therefore entitled to overtime under the FLSA and California

27  law.

28

**COLLECTIVE AND CLASS ACTION COMPLAINT**

25.     At all material times, AA is a Delaware corporation duly licensed to transact business in the State of California.

26.     Under the FLSA and California law, AA is an employer. At all relevant times, AA had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with AA. As a person who acted in the interest of AA in relation to the company's employees, AA is subject to liability under the FLSA and California law.

27.     At all material times, Plaintiff, the FLSA Collective Members, and Rule 23 Class Members were employees of AA as defined by the FLSA and California law. *See* 29 U.S.C. § 203(e)(1).

28.     At all material times, Plaintiff, the FLSA Collective Members and Rule 23 Class Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

29.     Plaintiff has given her written consent to be a named party in this action under 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as **Exhibit A**.

30.     The true names and capacities, whether individual, corporate, associate, representative, alter ego or otherwise, of defendants named in this action as DOES 1 through 10 inclusive are presently unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will seek to amend this Complaint to allege the true names and capacities of DOES 1 through 10 when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff, the FLSA Collective Members, and Rule 23 Class Members for the events, happenings, and damages set forth below.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

# **FACTUAL ALLEGATIONS**

31.     AA is one of the largest airlines in the world.[2]

32.     AA offers an average of nearly 6,700 flights daily to 350 destinations in 50 countries.[3]

33.     The FLSA Collective Members are all current and former Customer Service Coordinators (CSC), Customer Service Agents (CSA), Customer Assistance Representatives (CAR), Premium Customer Service Coordinators (PCSC), Lead Premium Customer Service Representatives (LPCSR), and Premium Customer Service Representatives (PCSR)who worked for AA in the United States at any point in the three years preceding the filing of this Complaint to the present. The FLSA Collective Members are non-exempt from the FLSA's overtime requirements.

34.     The Rule 23 Class Members are all current and former Customer Service Coordinators (CSC), Customer Service Agents (CSA), Customer Assistance Representatives (CAR), Premium Customer Service Coordinators (PCSC), Lead Premium Customer Service Representatives (LPCSR), and Premium Customer Service Representatives (PCSR) who worked for AA in the State of California at any point in the four years preceding this Complaint to the present. The Rule 23 Class Members are non-exempt from overtime requirements.

35.     At all times relevant to this Complaint, Plaintiff worked in various passenger service positions at Los Angeles International Airport in Los Angeles, California.

36.     At all relevant times, Plaintiff was compensated on an hourly basis.

37.     During every workweek, Plaintiff, the FLSA Collective Members, and

---

[2]     *See       https://www.aa.com/i18n/customer-service/about-us/american-airlines-group.jsp* (last visited Oct. 20, 2022).

[3]     *See       https://www.aa.com/i18n/customer-service/about-us/american-airlines-group.jsp* (last visited Oct. 20, 2022).

Rule 23 Class Members were paid on an hourly basis.

38.     Plaintiff, the FLSA Collective Members, and Rule 23 Class Members perform their duties, work and provide customer service for AA. As part of this design, Plaintiff, the FLSA Collective Members, and Rule 23 Class Members to use the mobile application, the Rovrplus on their personal phones.

39.     At all relative times, Plaintiff, the FLSA Collective Members and Rule 23 Class Members have been subject to AA's policy of requiring them to spend time working before clocking in at the beginning of their shifts and after clocking out at the end of their shifts without compensation, including working through their meal periods.

40.     Specifically, Plaintiff, the FLSA Collective Members and Rule 23 Class Members must take a shuttle and wait in long lines before "clocking in." In addition, Plaintiff, the FLSA Collective Members and Rule 23 Class Members are required to spend time in long lines before clocking into the timekeeping system.    As a result, Plaintiff, the FLSA Collective Members and Rule 23 Class Members are required to spend pre-shift time under the control of Defendants for which they are not being compensated. Moreover, Plaintiff, the FLSA Collective Members and Rule 23 Class Members are required to "clock out" at the end of their scheduled shifts before taking a shuttle to their designated parking area.  As a result, Plaintiff, the FLSA Collective Members and Rule 23 Class Members are required to perform post-shift time under the control of Defendant for which they are not being compensated.

41.     AA institutes a policy that impacted all Class Members that required them to be responsive to passenger needs, early flight arrivals, and/or security incidents during their meal breaks.

42.     AA requires employees to pay specific attention to the potential for unscheduled arrivals of flights during their meal breaks even though the meal breaks are unpaid.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

43.     Because AA employees must spend time responding to inquiries about projects during their meal breaks, the meal breaks are not "bona fide" meal breaks pursuant to 29 CFR § 785.19

44.     As a result of the pre- and post-shift work, Plaintiff, the FLSA Collective Members and Rule 23 Class Members typically spend at least 30 minutes or more each shift that goes completely uncompensated, whether at a regular rate of pay or an overtime rate of pay. In addition, and as a result of the pre- and post-shift work, Plaintiff, the FLSA Collective Members and Rule 23 Class Members are working more than 40 hours in a week for which they are not being paid overtime, and Plaintiff and the Rule 23 Class Members are working more than 8-hours in a day and/or 40-hours in a week for which they are not being paid overtime. In all instances, AA's failure to compensate Plaintiff, the FLSA Collective Members and Rule 23 Class Members for such time violates the minimum wage provisions of the FLSA and California law. In all instances wherein Plaintiff, the FLSA Collective Members and Rule 23 Class Members work over 40 hours in a workweek or 8 hours in a day (for Rule 23 Class Members), AA's failure to compensate Plaintiff and the FLSA Collective Members for such time violates the overtime provisions of the FLSA, and for Rule 23 Class Members, violates the overtime provisions of California law. *See Landers v. Quality Communications, Inc.*, 771 F.3d 638, 644-645 (9th Cir. 2014) ("We agree with our sister circuits that in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek."). In all instances wherein Plaintiff, the FLSA Collective Members and Rule 23 Class Members worked, but not over 40 hours in a workweek or 8 hours in a day (for Rule 23 Class Members), AA's failure to compensate Plaintiff and the FLSA Collective Members for such time violates the minimum wage provisions of the FLSA, and for Rule 23 Class Members violates the minimum wage

**COLLECTIVE AND CLASS ACTION COMPLAINT**

provisions of California law.

45.     The primary job function of Plaintiff, the FLSA Collective Members and Rule 23 Class Members is to provide passenger service to AA passengers embarking on or departing from an AA flight. The FLSA Collective Members and Rule 23 Class Members are on call during their scheduled rest breaks and meal breaks and must monitor their radio and/or their Rovrplus mobile application during their scheduled rest breaks and meal breaks in case they are required to provide passenger assistance. The FLSA Collective Members and Rule 23 Class Members are required to schedule their meal breaks and rest breaks during periods based on the Rovrplus application's flight schedule. However, flight arrival times often change and do not always appear in the Rovrplus application until they arrive and so the FLSA Collective Members and Rule 23 Class Members must monitor the application on their personal mobile device for flights arriving early or for other passenger related needs and/or emergencies. During their rest breaks and meal breaks, the FLSA Collective Members and Rule 23 Class Members cannot, or are highly discouraged, from not monitoring the Rovrplus app or, for those who are issued radios, listening to their radio for off-schedule flight arrivals. As a result, Plaintiff, the FLSA Collective Members and Rule 23 Class Members cannot take one or more of their scheduled 15-minute breaks or 30-minute meal periods and therefore must work through their 15-minute rest breaks or 30-minute meal periods. In addition, and as a result of Defendants' 30-minute auto-deduct meal break policy, Plaintiff, FLSA Collective Members and Rule 23 Class Members are not being paid for non bona-fide meal breaks, missed meal breaks, and/or interrupted meal breaks.

46.     AA's failure to pay Plaintiff, the FLSA Collective Members and Rule 23 Class Members for any unscheduled break of 20 minutes or less violates the minimum wage provisions of the FLSA and California in all instances. In all instances wherein Plaintiff, the FLSA Collective Members and Rule 23 Class Members worked over 40

**COLLECTIVE AND CLASS ACTION COMPLAINT**

hours in a workweek or 8 hours in a day (for California Class Members), AA's failure to compensate Plaintiff, the FLSA Collective Members and Rule 23 Class Members for any break of 20 minutes or less violates the overtime provisions of the FLSA and California law.

47.    AA employed Plaintiff and the Rule 23 Class Members for work periods of more than 5 and 10 hours a day, entitling them to first and second meal periods of at least 30 minutes each. AA, however, failed to provide Plaintiff and Rule 23 Class Members duty-free, uninterrupted meal periods of at least 30 minutes for every five hours worked. As a result, Plaintiff and Rule 23 Class Members missed their meal periods, worked through their meal periods, the meal periods were interrupted, cut short, or were taken late. In addition, Defendants had a policy and practice of automatically deducting 30-minutes of time from the Rule 23 Class Members' time records, regardless of whether they were provided a compliant meal period. By failing to provide Plaintiff and Rule 23 Class Members with 30-minute, off-duty, compliant meal breaks for every five hours worked, AA owes Plaintiff and Rule 23 Class Members premium wages (at their regular rate of pay) for these meal period violations.

48.    AA employed Plaintiff and Rule 23 Class Members for work periods of four hours or more without rest periods of at least 10 minutes of rest time for every four hours worked, or major fraction thereof. In addition, the rest breaks were regularly interrupted, less than 10 minutes, and/or on duty. By failing to provide Plaintiff and Rule 23 Class Members with 10-minute, off duty, compliant rest breaks for every four hours worked or major fraction thereof, AA owes Plaintiff and Rule 23 Class Members premium wages (at their regular rate of pay) for these rest period violations.

49.    By failing to provide Plaintiff and Rule 23 Class Members wage statements showing all hours worked, all wages earned, including meal-and-rest premiums for meal and rest period violations, and the correct hourly rates for each

**COLLECTIVE AND CLASS ACTION COMPLAINT**

hour worked, AA knowingly and intentionally violated California Labor Code §§ 226, 1174(d), 1198 and Wage Order No. 9. *See also Naranjo, supra*, 13 Cal.5th (2022).

50.     Plaintiff, the FLSA Collective Members and Rule 23 Class Members supply their own smart phones to interact with the Rovrplus mobile application. However, AA fails to reimburse Plaintiff, the FLSA Collective Members and Rule 23 Class Members for such smart phones. As such, AA has violated the overtime provisions of the FLSA and section 2802 of the California Labor Code.

51.     On information and belief, Plaintiff alleges that AA applied the same policies described above to all other members of the proposed Rule 23 Class. As alleged below, these uniform policies, practices and procedures violated California's labor laws and therefore constitute unfair, fraudulent or illegal business practices under California Business & Professions Code § 17200, *et seq*.

## COLLECTIVE ACTION ALLEGATIONS

52.     Plaintiff and the FLSA Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

53.     Plaintiff brings this action under 29 U.S.C. § 216(b) on her own behalf and as representatives of individuals similarly situated who are current or former employees of AA.

54.     AA subjected Plaintiff and the FLSA Collective Members to its policy and practice of not paying them the minimum wage or overtime for all pre- and post-shift work, including the time shuttling to and from their designated parking locations, waiting in line to clock into work, and automatically deducting 30-minutes of time from their time records, regardless of whether they took a meal period or whether they working through their meal period, in violation of 29 U.S.C. §§ 206 and 207.

55.     AA subjected Plaintiff and the FLSA Collective Members to its policy of failing to pay them for all scheduled breaks they missed or had to work through, and all unscheduled breaks of 20 minutes or less in violation of 29 U.S.C §§ 206 and 207.

56.    AA subjected Plaintiff and the FLSA Collective Members to its practice of having the FLSA Collective Members provide smart phones without reimbursing Plaintiff and the FLSA Collective Members for same.

57.    Plaintiff's claims are essentially the same as those of the FLSA Collective Members. This action is properly maintained as a collective action because, in all pertinent aspects, the employment relationship of individuals similarly situated to Plaintiff's is identical or substantially similar.

58.    The FLSA Collective Members perform or have performed the same or similar work as Plaintiff.

59.    AA's failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

60.    Although the exact amount of damages may vary among the FLSA Collective Members, the damages for the FLSA Collective Members can be easily calculated by a simple formula and based on records in AA's possession. *Landers, supra*, 771 F.3d at 645 ("[L]ike the other circuit courts that have ruled before us, we decline to make the approximation of overtime hours the sine qua non of plausibility for claims brought under the FLSA. After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants."). The claims of all FLSA Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by AA that caused harm to the FLSA Collective Members.

61.    As such, Plaintiff brings her FLSA minimum wage and overtime claims as a collective action on behalf of the following **FLSA Collective** or **FLSA Collective Members**:

**All current and former Customer Service Coordinators (CSC), Customer Service Agents (CSA), Customer**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**Assistance Representatives (CAR), Premium Customer Service Coordinators (PCSC), Lead Premium Customer Service Representatives (LPCSR), and Premium Customer Service Representatives (PCSR) who worked for AA in the United States at any point in the three years preceding the filing of this Complaint to the present.**

62.   AA's unlawful conduct, as described herein, is pursuant to AA's corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

63.   AA is aware or should have known federal law prohibited it from not paying Plaintiff and the FLSA Collective Members all minimum wage and overtime as detailed herein.

64.   AA's unlawful conduct has been widespread, repeated, and consistent.

65.   This action is properly brought and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

66.   Upon information and belief, the individuals similarly situated to Plaintiff include thousands of currently and/or formerly employees by AA. Plaintiff cannot state the precise number of similarly-situated employees because that information is solely in AA's possession, custody, or control, but it can be readily ascertained from its employment records.

67.   Notice can be provided to the FLSA Collective Members by First Class Mail to the last address known to AA, via email at the last known email address known to AA, and by text message to the last known telephone number known to AA.

## RULE 23 CLASS DEFINITION AND ALLEGATIONS

68.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69.   Plaintiff brings Claims for Relief for violations of California wage-and-

**COLLECTIVE AND CLASS ACTION COMPLAINT**

hour laws as a class action under Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of herself and all members of the following **Rule 23 Class** or **Rule 23 Class Members**:

> **All current and former Customer Service Coordinators (CSC), Customer Service Agents (CSA), Customer Assistance Representatives (CAR), Premium Customer Service Coordinators (PCSC), Lead Premium Customer Service Representatives (LPCSR), and Premium Customer Service Representatives (PCSR) who worked for AA in the State of California at any point in the four years preceding the filing of this Complaint up to the present.**

70.   **Numerosity (Rule 23(a)(1)).** The Rule 23 Class Members are so numerous that joinder of all members is impracticable. Plaintiff, on information and belief, alleges that the Rule 23 Class Members number in the hundreds.

71.   **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).** Common questions of law and fact exist as to Plaintiff and the Rule 23 Class Members including, but not limited to, the following:

> a. Whether AA violated California law by failing to pay Rule 23 Class Members at the least the minimum wage for all hours worked;
>
> b. Whether AA violated California law by failing to pay Rule 23 Class Members overtime compensation for all overtime hours worked;
>
> c. Whether AA violated California law by failing to provide Rule 23 Class Members first and second meal periods of at least 30-minutes when the shifts exceeded 5 and 10 hours of work, and not compensating employees with one hour of pay at the employees' regular rate of compensation for each workday that meal periods were not provided;

**COLLECTIVE AND CLASS ACTION COMPLAINT**

d. Whether AA violated California law by failing to provide Rule 23 Class Members daily rest periods of 10 minutes per 4 hours or major fraction thereof worked when the shift exceeded three-and-a half hours and by failing to compensate employees one hour's wages in lieu of rest periods;

e. Whether AA violated California law by failing to provide Rule 23 Class Members accurate wage statements;

f. Whether AA violated California law by failing to reimburse Rule 23 Class Members all reasonable and necessary business expenses incurred;

g. Whether AA's practices constitute an unfair, fraudulent, or unlawful business practice under the UCL;

h. Whether AA unlawfully failed to keep and maintain accurate and true records of the hours worked by the Rule 23 Class Members as required by applicable law; and

i. The damages sustained and the proper measure of restitution recoverable by the Rule 23 Class Members.

72.  **Typicality (Rule 23(a)(3)).** Plaintiff's claims are typical of the Rule 23 Class Members' claims. Plaintiff, like the Rule 23 Class Members, was subjected to AA's illegal scheme to maximize profits by depriving its employees of minimum wage and overtime compensation, premium wages for meal-and-rest period violations, and accurate wage statements.

73.  **Adequacy (Rule 23(a)(4)).** Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

74.  **Injunctive and Declaratory Relief (Rule 23(b)(2)).** Class certification

**COLLECTIVE AND CLASS ACTION COMPLAINT**

of the Rule 23 claims is appropriate under Rule 23(b)(2) because AA acted or refused to act on grounds generally applicable to the Rule 23 Class Members, making appropriate declaratory relief with respect to the Rule 23 Class Members as a whole.

75. **Predominance and Superiority of Class Action (Rule 23(b)(3)).** Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Rule 23 Class Members predominate over questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. AA's common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Rule 23 Class Members are small compared to the expense and burden of individual prosecution. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about AA's practices.

76. Plaintiff intends to send notice to all Rule 23 Class Members to the extent required by Rule 23.

## COUNT ONE: FAIR LABOR STANDARDS ACT

## OFF-THE-CLOCK WORK

**(Brought by Plaintiff on behalf of herself and**

**members of the FLSA Collective)**

77. Plaintiff and the FLSA Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

78. AA has a consistent enterprise-wide policy of requiring Plaintiff and the FLSA Collective Members to perform work while off-the-clock and failing and/or refusing to compensate Plaintiff and the FLSA Collective Members their regular rate

**COLLECTIVE AND CLASS ACTION COMPLAINT**

of pay for all non-overtime hours worked, and one and one-half times their regular hourly rate for all the time they worked over 40 hours in a workweek.

79.     At all relative times, Plaintiff and the FLSA Collective Members have been subject to AA's policy of requiring them to spend time working before "clocking in" at the beginning of their scheduled shifts and after "clocking out" at the end of their scheduled shifts.

80.     As a result, Plaintiff and the FLSA Collective Members typically spend at least 30 minutes or more each shift that goes completely uncompensated. In all instances, AA's failure to compensate Plaintiff and the FLSA Collective Members for such time violates the minimum wage provisions of the FLSA, 29 U.S.C. § 206. In all instances wherein Plaintiff and the FLSA Collective Members work over 40 hours in a workweek, AA's failure to compensate Plaintiff and the FLSA Collective Members for such time violates the overtime provisions of the FLSA, 29 U.S.C. § 207.

81.     Although at this stage, Plaintiff and the FLSA Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiff and the FLSA Collective Members believe that such information will become available during discovery. *See Landers, supra*, 771 F.3d at 645 ("[L]ike the other circuit courts that have ruled before us, we decline to make the approximation of overtime hours the sine qua non of plausibility for claims brought under the FLSA. After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants….We further agree with our sister circuits that, at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week."). Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

82.   AA knew that – or acted with reckless disregard – as to whether its refusal or failure to properly compensate Plaintiff and the FLSA Collective Members during their employment would violate the FLSA, and AA knew the FLSA's minimum wage and overtime requirements. As such, AA's conduct constitutes a willful violation of the FLSA.

83.   As a result of AA's failure or refusal to pay Plaintiff and the FLSA Collective Members for all hours worked, and AA's failure or refusal to pay them one and one-half times their regular rate of pay for all hours worked over 40 hours in any workweek, AA violated 29 U.S.C. §§ 206 and 207(a). Plaintiff and the FLSA Collective Members are therefore entitled to compensation of all unpaid minimum wages and one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT TWO: FAIR LABOR STANDARDS ACTS
### UNLAWFUL UNPAID MEAL BREAKS
**(Brought by Plaintiff on behalf of herself and**
**members of the FLSA Collective)**

84.   Plaintiff realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

85.   Plaintiff and the FLSA Collective worked more than forty hours in one or more workweeks.

86.   Defendants' meal break policy resulted in Plaintiff and the FLSA Collective to work overtime hours without compensation.

87.   By not paying Plaintiff and the FLSA Collective proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have willfully violated the FLSA.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

88.   As a result of Defendants' willful violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid overtime wages, liquidated damages, costs, and attorneys' fees.

**COUNT THREE: FAIR LABOR STANDARDS ACTS**

**UNLAWFUL UNPAID BREAKS**

**(Brought by Plaintiff on behalf of herself and**

**members of the FLSA Collective)**

89.   Plaintiff and the FLSA Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

90.   Under the FLSA, "[r]est periods of short duration, running from 5 minutes to about 20 minutes. . . must be counted as hours worked." *See* 29 C.F.R. 785.18; *see also Mauia, supra*, 5 F.4th at 1074. AA violated the FLSA by routinely failing to pay Plaintiff and the FLSA Collective Members for rest breaks shorter than 20 minutes.

91.   AA's failure to pay Plaintiff and the FLSA Collective Members for missed breaks and/or any unscheduled break of 20 minutes or less violates the minimum wage provisions of the FLSA in all instances. In all instances wherein Plaintiff and the FLSA Collective Members worked over 40 hours in a workweek, AA's failure to compensate Plaintiff and the FLSA Collective Members for missed breaks and/or any unscheduled break of 20 minutes or less violates the overtime provisions of the FLSA.

92.   AA is in possession of all of the time punch records which Plaintiff does not have access to at this time. Upon information and belief, these records will evidence all of the breaks for which Plaintiff and the FLSA Collective Members were paid, and all of the breaks for which they were not paid. Upon information and belief, these time punch records should be readily available in discovery.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

93.     Although at this stage, Plaintiff and the FLSA Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiff and the FLSA Collective Members believe that such information will become available during discovery. *See Landers, supra*, 771 F.3d at 645. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

94.     AA knew that – or acted with reckless disregard – as to whether its refusal or failure to properly compensate Plaintiff and the FLSA Collective Members during their employment would violate the FLSA, and AA knew the FLSA's minimum wage and overtime requirements. As such, AA's conduct constitutes a willful violation of the FLSA.

95.     As a result of AA's failure or refusal to pay Plaintiff and the FLSA Collective Members their regular rate of pay for all hours worked and one and one-half times their regular rate of pay for all hours worked over 40 hours in any workweek, AA violated 29 U.S.C. § 207(a). Plaintiff and the FLSA Collective Members are therefore entitled to compensation for unpaid wages at their regular rate of pay for non-overtime hours worked and one and one-half times their regular rate of pay for unpaid overtime hours, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT FOUR: FAIR LABOR STANDARDS ACT

### IMPROPER KICKBACKS

**(Brought by Plaintiff on behalf of herself and members of the FLSA Collective)**

96.     Plaintiff and the FLSA Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

97.     The wage requirements of the FLSA "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." *See* 29 C.F.R. 531.35. "For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id.*

98.     FLSA Collective Members supply their own smart phones in order to use the Rovrplus mobile application. However, AA fails to reimburse Plaintiff and the FLSA Collective Members for such smart phones. As such, AA has violated the overtime provisions of the FLSA.

99.     AA did not pay overtime "free and clear" as required by the FLSA. Instead, by shifting its necessary operating costs to Plaintiff, AA required her to "kickback" some or all of AA's overtime obligations owed to Plaintiff in violation of the FLSA.

100.    Although at this stage, Plaintiff and the FLSA Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiff and the FLSA Collective Members believe that such information will become available during discovery. *See Landers, supra*, 771 F.3d at 645. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

101.    AA knew that – or acted with reckless disregard – as to whether its refusal or failure to properly compensate Plaintiff and the FLSA Collective Members during their employment would violate the FLSA, and AA knew the FLSA's overtime requirements. As such, AA's conduct constitutes a willful violation of the FLSA.

102.   As a result of AA's failure to reimburse Plaintiff and the FLSA Collective Members for the cost of their smart phones and the cost of the data plans, AA violated the overtime provisions of the FLSA. Plaintiff and the FLSA Collective Members are therefore entitled to overtime compensation, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT FIVE: VIOLATION OF CALIFORNIA'S MINIMUM WAGE REQUIREMENTS

### (Cal. Lab. Code §§ 200, 218 and 1194)

**(Brought by Plaintiff on behalf of herself and members of the Rule 23 Class)**

103.   Plaintiff and the Rule 23 Class Members reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

104.   In addition to the FLSA, Plaintiff seeks to represent the proposed Rule 23 Class as a basis to enforce equal or greater protections for wages owed that are offered by various California labor laws and local regulations as set forth herein. Because the practices alleged herein are uniform, systematic and continuous and affect each member of the Rule 23 Class in a legally identical way, Plaintiff, at the appropriate time, will move to certify the class to the extent permitted by Rule 23.

105.   Under Labor Code § 1194, employees must be separately paid an hourly wage for each and every hour worked. *Balasanyan v. Nordstrom, Inc.,* 913 F.Supp.2d 1001, 1007 (S.D. Cal. Dec. 20, 2012). A California employer cannot average an employee's compensation over the total number of hours worked to determine compliance with minimum wage obligations. *Armenta v. Osmose, Inc.,* 135 Cal.App.4th 314, 323-324 (2005) (employees must be compensated the minimum wage for "non-productive time"); *Cardenas v. McLane FoodServices, Inc.,* 796 F.Supp.2d 1246, 1252-1253 (C.D. Cal. Jul. 8, 2011) (employees must be paid a separate hourly rate for pre-and-post shift duties not covered by the piece-rate

formula); *Balasanyan, supra,* 913 F.Supp.2d at p. 1007; *Gonzalez v. Downtown LA Motors, LP,* 215 Cal.App.4th 36, 48-49 (2013) (employees paid on a piece-rate basis must be paid a separate hourly rate for "non-repair tasks"). "The *Armenta* line of cases is quite clear: employees must be directly compensated at least minimum wage for all time spent on activities that do not allow them to *directly* earn wages." *Balasanyan, supra,* 913 F.Supp.2d at 1007 (emphasis added). The California Supreme Court also held that commissions earned in one pay period cannot be reassigned to other pay periods to meet California's strict wage-and-hour requirements. *Peabody v. Time Warner Cable, Inc.*, 174 Cal.Rptr.3d 287 (2014), 328 P.3d 1028 (2014).

106.   Plaintiff and the proposed Rule 23 Class were at all times subject to California's laws and regulations protecting the employees' entitlement to be paid and presumption to be paid an hourly wage for each and every hour worked.

107.   As set forth above, California law requires employers, such as AA, to pay a separately hourly wage to all nonexempt employees for each and every hour worked. Labor Code § 1194 provides that employees are entitled to wages and compensation for work performed, at the legal rate, including straight time, overtime, and double time.

108.   Labor Codes §§ 218, 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal wage may recover the unpaid balance and together with attorney's fees and costs of suit, as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

109.   At all relevant times herein, AA was required to compensate Plaintiff and the members of the Rule 23 Class for all hours worked pursuant to Labor Code § 1194.

110.   By uniformly and consistently failing to pay members of the Rule 23 Class for pre- and post-shift work, rest periods, and time during which employees were not provided duty-free, uninterrupted meal periods, as alleged above, AA violated the minimum wage requirements as set forth in Labor Code §§ 218 and 1194.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

111.   Plaintiff is informed and believes and based thereupon alleges that the result of the unlawful and illegal policy and practice caused damage in the nonpayment of minimum wages to Plaintiff and the proposed Rule 23 Class, in an amount according to proof at trial.

112.   Plaintiff is informed and believes that the nonpayment of wages is fixed and ascertainable on a class-wide basis such that prejudgment interest on those wages is recoverable.

113.   Plaintiff is informed and believes that the nonpayment of minimum wages for all hours worked also entitles her and the proposed Rule 23 Class to attorneys' fees and costs, and liquidated damages in an amount equal to the amount unlawfully unpaid according to Labor Code § 1194.2.

## COUNT SIX: VIOLATION OF CALIFORNIA'S OVERTIME LAWS
### (Cal. Lab. Code §§ 510 and 1194)
**(Brought by Plaintiff on behalf of herself and members of the Rule 23 Class)**

114.   Plaintiff and the Rule 23 Class reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

115.   In addition to the FLSA, Plaintiff seeks to represent the proposed Rule 23 Class as a basis to enforce equal or greater protections for wages owed that are offered by California labor laws and local regulations as set forth herein.  Because the practices alleged herein are uniform, systematic and continuous and affect each proposed member of the Rule 23 Class in a legally identical way, Plaintiff, at the appropriate time will move to certify the class to the extent permitted by Rule 23.

116.   Plaintiff and the proposed Rule 23 Class were at all times subject to state laws and regulations protecting the employees' entitlement to be paid and presumption to be paid overtime wages for requisite hours worked beyond a normal work day or a normal work week, as specified, without limitation, by Cal. Labor Code §§ 510, 1194 and Wage Order No. 9.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

117.   Plaintiff and members of the Rule 23 Class were primarily engaged in non-exempt duties. Plaintiff and Rule 23 Class Members were neither managers, administrative, nor professional employees. No known exemption to overtime apply to Plaintiff or Rule 23 Class Members. Accordingly, Plaintiff and Rule 23 Class Members are entitled to overtime.

118.   California law requires employers, such as AA, to pay overtime compensation to all nonexempt employees for all hours worked over 40 hours per week, or over 8 hours per day. Labor Code § 204 establishes the fundamental right of all employees in California to be paid wages, including straight time and overtime, in a timely fashion for their work. This precludes any waiver for unpaid due and owing wages that remain unpaid at the time of separation.

119.   Labor Code § 510(a) states: "Any work in excess of [8] hours in one workday and any work in excess of 40 hours in any one workweek and the first [8] hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

120.   Plaintiff and the Rule 23 Class Members are scheduled to work a minimum of 8 hours in a day and 40 hours in a week. As alleged above, Plaintiff and Rule 23 Class Members performed uncompensated pre- and post-shift work of at least 30 minutes a day and potentially more if they had to work through their meal periods. As a result, Plaintiff and Rule 23 Class Members worked more than 8 hours in a workday and/or 40 hours in a workweek for which they were not paid overtime. *Landers, supra*, 771 F.3d at 645 ("We agree with our sister circuits that in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must

**COLLECTIVE AND CLASS ACTION COMPLAINT**

allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek.").

121.   As a direct and proximate result of AA's unlawful conduct, as set forth herein, Plaintiff and Rule 23 Class Members have sustained damages, including loss of earnings for hours of overtime worked on behalf of AA in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## COUNT SEVEN: VIOLATION OF CALIFORNIA'S MEAL-AND-REST PERIOD REQUIREMENTS

**(Cal. Lab. Code §§ 226.7, 512 and Wage Order No. 9)**

**(Brought by Plaintiff on behalf of herself and members of the Rule 23 Class)**

122.   Plaintiff and the Rule 23 Class Members reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

123.   Labor Code § 226.7(b) provides, in pertinent part, that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission …"

124.   Labor Code § 512(a) provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

125.   Labor Code § 512(a) further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal

1  period was not waived."

2      126.   Section 11(A) of Wage Order No. 9 provides that "[u]nless the employee

3  is relieved of all duty during a 30 minute meal period, the meal period shall be

4  considered an 'on duty' meal period and counted as time worked." An "on duty" meal

5  period shall be permitted only when the nature of the work prevents an employee from

6  being relieved of all duty and when by written agreement between the parties an on-

7  the-job paid meal period is agreed to. "The written agreement shall state that the

8  employee may, in writing, revoke the agreement at any time."

9      127.   Section 11(B) of Wage Order No. 9 provides that "[i]f an employer fails

10  to provide an employee a meal period in accordance with the applicable provisions of

11  this order, the employer shall pay the employee one (1) hour of pay at the employee's

12  regular rate of compensation for each workday that the meal period is not provided."

13      128.   Plaintiff and the Rule 23 Class Members consistently worked over five

14  hours, and ten hours, per shift and therefore were entitled to a first and second meal

15  period of not less than 30 minutes prior to exceeding the fifth and tenth hour of work.

16      129.   Plaintiff and the Rule 23 Class Members were required to monitor the

17  Rovrplus and/or their radios during their meal periods.  Although it would be

18  theoretically possible for Class Members to monitor Rovrplus during their alleged

19  meal breaks by periodically checking the computer terminal, upon information and

20  belief, all Rule 23 Class Members download Rovrplus on their smart phones to

21  monitor it.

22      130.   Plaintiff and the Rule 23 Class Members did not waive their meal periods

23  by mutual consent with AA or otherwise.

24      131.   Plaintiff and Rule 23 Class Members did not enter into any written

25  agreement with AA agreeing to an on-the-job paid meal period.

26      132.   Similarly, Plaintiff and members of the proposed Rule 23 Class were

27  entitled to be authorized and permitted paid, duty-free, uninterrupted 10-minute rest

28

**COLLECTIVE AND CLASS ACTION COMPLAINT**

periods for every 4 hours worked (or every major fraction thereof) or be paid for one hour of "premium wage" at the employee's regular rate of pay for each day that a rest period was not authorized, permitted or otherwise compliant with applicable law.

133.   As alleged above, AA failed to comply with the required meal periods and rest periods established by Labor Code §§ 226.7, 512, 516 and Section 11 and 12 of Wage Order No. 9. AA did not provide compliant meal periods and, as a result, Plaintiff and Rule 23 Class Members missed their meal periods, took short meal periods, and/or took late meal periods. In addition, the meal periods that Plaintiff and Rule 23 Class Members did take were not duty free and free from employer control. AA further did not authorize or permit compliant rest periods for every four hours worked, or major fraction thereof, nor did it pay a "premium wage" for missed, short, late or interrupted rest periods.

134.   Pursuant to Section 11(B) and Section 12 of Wage Order No. 9 and Labor Code § 226.7(c)—which states "[i]f an employer fails to provide an employee a meal or rest … period in accordance with a state law …, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest … period is not provided"—Plaintiff and the members of the Rule 23 Class are entitled to damages in an amount equal to one additional hour of pay at each employee's regular rate of compensation for each work day that the meal or rest period was not provided, in a sum to be proven at trial.

135.   Pursuant to Labor Code § 218.6 and Civil Code § 3287, Plaintiff and Rule 23 Class Members seek recovery of prejudgment interest on all amounts recovered herein.

136.   Plaintiff and Rule 23 Class Members limit the recovery of "premium wages" to one hour of pay per day for any missed, short, late, or uninterrupted meal period and to one hour of pay per day for any missed, short, late, or uninterrupted rest period, as demonstrated by the Division of Labor Standards Enforcement Policy

Manual guidelines, for a maximum recovery of two premium wages payment per employee per day.

## COUNT EIGHT: VIOLATION OF CALIFORNIA'S WAGE STATEMENT REQUIREMENTS

### (Cal. Lab. Code §§ 226, 1174(d), and 1198; Wage Order No. 9)

**(Brought by Plaintiff on behalf of herself and members of the Rule 23 Class)**

137.   Plaintiff and Rule 23 Class Members reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

138.   Labor Code § 226(a) requires AA, "semimonthly or at the time of each payment of wages," to furnish their workers with "an accurate itemized statement in writing" showing gross and net wages earned, total hours worked by the employee, rates of pay, and the correct entity that employs them. AA knowingly and intentionally failed to provide its workers with such timely and accurate wage-and-hour statements.

139.   Rule 23 Class Members suffered injury as a result of AA's knowing and intentional failure to provide their workers with the wage-and-hour statements required by law.

140.   Under Labor Code § 226(e) and (t), and based on AA's conduct as alleged herein, Rule 23 Class Members are entitled to (a) $50 for the initial pay period in which a wage and hour statement violation occurred, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars $4,000; (b) injunctive relief to ensure Defendants' compliance with Labor Code § 226; and (c) an award of costs and reasonable attorney's fees.

141.   Moreover, as a result of AA's conduct, Rule 23 Class Members have suffered actual damages in that, among other things, the lack of accurate wage statements hindered them from determining the correct amount of wages owed to them and what legal entity employed them. The absence of accurate wage statements has caused Rule 23 Class Members time, money, and energy in attempting to reconstruct

time and pay records and resulted in the submission by AA of inaccurate information about hours worked and wages earned. As a result of AA's failure to provide Rule 23 Class Members with timely and accurate wage statements, they are entitled to recover the aggregate sum according to proof, of all actual damages they suffered.

142.   AA's conduct also entitles Rule 23 Class Members to seek preliminary and permanent injunctive relief including, but not limited to, an order that it issue wage-and-hour statements to their workers that comply with Labor Code § 226.

## COUNT NINE: VIOLATION OF CALIFORNIA'S EXPENSE REIMBURSEMENT REQUIREMENTS

### (Cal. Lab. Code § 2802)

**(Brought by Plaintiff on behalf of herself and members of the Rule 23 Class)**

143.   Plaintiff and Rule 23 Class Members reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

144.   Plaintiff and Rule 23 Class Members have been employed by AA in the State of California. California law requires that AA indemnify its employees for all necessary expenditures or losses incurred by the employee in discharge of his or her duties or at the obedience of the directions of the employer. Moreover, an employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee. *See* Cal. Lab. Code § 2802.

145.   AA has violated Labor Code § 2802 by failing to indemnify Plaintiff and Rule 23 Class Members for necessary expenditures they incurred in the discharge of their duties. Specifically, AA employed a policy, practice, and procedure whereby Plaintiff and Rule 23 Class Members supplied their own smart phones in order to use the Rovrplus mobile application.

146.   Moreover, AA employed policies and procedures which ensured Plaintiff and Rule 23 Class Members would not receive indemnification for their employment-

**COLLECTIVE AND CLASS ACTION COMPLAINT**

related expenses. This practice resulted in Plaintiff and Rule 23 California Class Members not receiving such indemnification in compliance with California law.

147.   Because AA failed to properly indemnify employees for the necessary expenditures incurred in the discharge of their duties, it is liable to Plaintiff and Rule 23 Class Members for monies to compensate them for the use of the employment-related expenses they incurred under Labor Code § 2802.

148.   As a direct and proximate result of Defendants' violation of Labor Code § 2802, Plaintiff and Rule 23 Class Members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of herself and on behalf of the Rule 23 Class, seeks damages and all other relief allowable including indemnification for all employment-related expenses and ordinary business expenses incurred by AA and passed onto Plaintiff and Rule 23 Class Members pursuant to Labor Code § 2802.

149.   Pursuant to Labor Code § 2802, Plaintiff and Rule 23 Class Members are entitled to recover full indemnification of unreimbursed business expenses, reasonable attorney's fees and costs of suit.

## COUNT TEN: VIOLATIONS OF CALIFORNIA'S UCL

### (Cal. Bus. & Prof. Code § 17200, *et seq.*)

**(Brought by Plaintiff on behalf of herself and members of the Rule 23 Class)**

150.   Plaintiff and Rule 23 Class Members reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

151.   Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, including, to wit, by: (a) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (b) failing to provide off-duty rest periods in violation of Labor Code § 226.7; (c) failing to pay all applicable overtime and double-time wages for all hours worked in violation of §§

510, 1194, 1198 and the FLSA; (d) failing to pay all minimum wages for all hours worked in violation of §§ 1194, 1197 and the FLSA; and (e) failing to reimburse all business expenses in violation of § 2802.

152. Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

153. Plaintiff seeks individually and on behalf of Rule 23 Class Members, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

154. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiff and Rule 23 Class Members the minimum working condition standards and conditions due to them under the California laws as specifically described therein and the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of all other similarly situated persons, requests this Court grant the following relief in Plaintiff's, the FLSA Collective Members' and the Rule 23 Class Members' favor, and against AA:

A.    For an order conditionally certifying the proposed FLSA Collective and certifying the proposed Rule 23 Class;

B.    For an order appointing Plaintiff as the representative of the FLSA Collective and Rule 23 Class as described herein;

C.    For the Court to declare and find AA committed one or more of the following acts:

i.    Violated the minimum wage and overtime provisions of the FLSA;

**COLLECTIVE AND CLASS ACTION COMPLAINT**

      ii. Willfully violated the minimum wage and overtime provisions of the FLSA;

      iii. Violated California's minimum wage, overtime, meal-and-rest period, wage statement, and expense reimbursement requirements and the UCL; and

D. For the Court to award damages and/or restitution in the amounts of all unpaid minimum and overtime wages, premium wages, unreimbursed expenses, and statutory and civil penalties due and owed to Plaintiff, the FLSA Collective Members, and Rule 23 Class Members;

E. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and Cal. Lab. Code § 1194.2, in amounts to be determined at trial;

F. For the Court to award prejudgment and post-judgment interest on any damages awarded;

G. For the Court to award all treble damages, interest, attorney's fees and costs owed to Plaintiff and the Rule 23 Class Members under California law including, but not limited to, California Labor Code §§ 218.5, 226, 1194, 2802, and Code of Civil Procedure §1021.5;

H. For the Court to award Plaintiff and the FLSA Collective Members reasonable attorneys' fees and costs of the action under 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

I. For the Court to provide a reasonable service award for Plaintiff to compensate them for the time they spent attempting to recover wages for the FLSA Collective Members and Rule 23 Class Members and for the risks they took in doing so; and

J. Such other relief as this Court deems just and proper

**<u>DEMAND FOR JURY TRIAL</u>**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff, the FLSA Collective Members and Rule 23 Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: November 8, 2022

Respectfully submitted,

**BELIGAN LAW GROUP, LLP**

By: /s/ *Leah M. Beligan*
Leah M. Beligan, Esq. (SBN 250834)
lmbeligan@bbclawyers.net
**BELIGAN LAW GROUP, LLP**
19800 MacArthur Blvd., Ste. 300
Newport Beach, CA 92612
Telephone: (949) 224-3881

**FRADIN LAW, LLC**

By: /s/ *Michael L. Fradin*
Michael L. Fradin, Esq. (*pro hac vice* forthcoming)
mike@fradinlaw.com
8401 Crawford Ave., Ste. 104
Skokie, IL 60076
Telephone: (847) 986-5889

*Attorneys for Plaintiff and the Putative Classes*

# EXHIBIT A

DocuSign Envelope ID: 812802D8-F46C-4304-AE2A-2342BA17DE2C

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Katherine Roksandic, and on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>American Airlines, Inc., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.<br><br>**CONSENT FORM** |

## CONSENT FORM

  I, Katherine Roksandic, do hereby consent to be a party plaintiff to the above-entitled action. I authorize my attorneys, Michael L. Fradin, Attorney at Law, and Beligan Law Group, LLP and their associated attorneys ("the Attorneys"), to file the Complaint on my behalf and for other employees similarly situated. I authorize the Attorneys to represent me in the Lawsuit and make decisions on my behalf, including how to conduct the Lawsuit, settlement, and all other matters related to the Lawsuit.

DocuSigned by:

*Katherine E Roksandic*

D17F8463DD5F48B...

Katherine Roksandic

11/7/2022

Date